**Garth ALVARANGA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 05–3285–ag.

United States Court of Appeals, Second Circuit.

May 18, 2007.

Garth Alvaranga, pro se.

Monica J. Richards, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y.

PRESENT: Hon. THOMAS J. MESKILL, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Garth Alvaranga, a citizen of Jamaica and a legal permanent resident of the United States since 1970, seeks review of a June 25, 2002 order of the BIA affirming the March 13, 2002 decision of Immigration Judge ("IJ") John B. Reid, holding petitioner ineligible for discretionary relief from removal under former section 212(c) of the Immigration and Nationality Act ("INA"). *See In re Garth Jasento Alvaranga,* No. A 31 257 398 (B.I.A. June 25, 2002), *aff'g* No. A 31 257 398 (Immig. Ct. Batavia, N.Y., March 13, 2002). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In 2002, the IJ ordered Alvaranga removed from the United States to Jamaica based on, *inter alia,* his 1997 New Jersey conviction for theft. The IJ further ruled that Alvaranga was ineligible for relief under INA § 212(c) (codified at 8 U.S.C. § 1182(c) (1994)) *(repealed by* Pub.L. No. 104–208, § 304(b), 110 Stat. 3009–597 (1996)), because the theft crime to which

Alvaranga pleaded guilty and for which he was sentenced to a prison term of eighteen months constituted an aggravated felony under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996). Alvaranga filed a habeas petition in the Western District of New York challenging the IJ's ruling on his eligibility for section 212(c) relief. The petition was transferred to this court and converted to a petition for review pursuant to section 106(a) of the REAL ID Act of 2005. Pub.L. No. 109–13, § 106(a), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(5)).

Where, as here, the BIA adopts the IJ's findings and reasoning, we review the decision of the IJ as if it were that of the BIA. *See Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006) (per curiam). While we lack jurisdiction to review an IJ's discretionary denial of section 212(c) relief, we retain jurisdiction to determine a petitioner's eligibility for such relief because eligibility decisions are statutory and non-discretionary. *See id.* We review legal conclusions regarding eligibility *de novo. See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Section 212(c) relief for aliens convicted of crimes constituting aggravated felonies was eliminated by section 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), which took effect on April 24, 1996. *See Spina v. Dep't of Homeland Sec.*, 470 F.3d 116, 121 (2d Cir. 2006). On September 30, 1996, Congress passed IIRIRA, which redefined "aggravated felony" to include a "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." IIR-IRA § 321(a)(3) (codified at 8 U.S.C. § 1101(a)(43)(G)). IIRIRA also eliminated

section 212(c) relief entirely and replaced it with a process called "cancellation of removal." IIRIRA § 304 (codified at 8 U.S.C. § 1229b). *See generally INS v. St. Cyr*, 533 U.S. 289, 297, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (discussing amendment and repeal of section 212(c)).

■ Petitioner argues that at the time of his conviction, he was nevertheless eligible for section 212(c) relief because IIRI-RA's inclusion of theft within the definition of aggravated felony did not take effect until after his guilty plea. He is mistaken. The plain language of IIRIRA made the amended definition of aggravated felony applicable to all convictions, regardless of entry date. *See* IIRIRA § 321(b) (codified at 8 U.S.C. § 1101(a)(43)) ("Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after September 30, 1996."); *see also INS v. St. Cyr*, 533 U.S. 289, 319, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (noting that the amended definition of "aggravated felony" unambiguously indicates Congress' intent to have the new definition apply retroactively). Thus, in *Brown v. Ashcroft*, 360 F.3d 346 (2d Cir. 2004), this court specifically ruled that "[t]he amended definition of aggravated felony, which includes theft offenses accompanied by a term of imprisonment of at least one year ... encompasses [petitioner's] 1994 convictions."

■ To the extent Alvaranga suggests that he is eligible for section 212(c) relief because the government failed to show how much time he actually served on his eighteen month sentence, he is wrong. IIRIRA defines "term of imprisonment" as "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." IIRIRA § 322 (codified at 8

U.S.C. § 1101(a)(48)(B)). This provision, like the amended definition of aggravated felony, applies to "convictions and sentences entered before, on, or after the date of the enactment of this Act." IIRIRA § 322(c); *see also Perez v. Elwood,* 294 F.3d 552, 561 (3d Cir.2002) (discussing retroactivity of § 322).

Alvaranga's reliance on *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), a case in which a petitioner entered a guilty plea in March 1996, *prior* to the passage of either AEDPA or IIRIRA, is misplaced. In *St. Cyr,* the Supreme Court held that "§ 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326, 121 S.Ct. 2271. That is not this case. Alvaranga's plea was entered in January, 1997, *after* AEDPA and IIRIRA took effect. Because he was not eligible for section 212(c) relief at the time of his plea, *St. Cyr* lends no support to his claim. *See Moreno–Bravo v. Gonzales,* 463 F.3d 253, 264 (2d Cir. 2006); *Khan v. Ashcroft,* 352 F.3d 521, 525 (2d Cir.2003).

The petition for review of the BIA's June 25, 2002 order is hereby DENIED.